UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ELGIN ELIAS, | ) Index No. 13-CV-6229 |
| Plaintiff, | ) |
| -against- | ) |
| | ) **FIRST AMENDED** |
| THE CITY OF NEW YORK, P.O. FADOUL (Badge No. 27686), P.O. CHAI (Badge No. 8494), LISA WHITNEY, FCC, FLORE CADET, LPN, and OLIVIA COBHAM. | ) **COMPLAINT** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

---

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, ELGIN ELIAS, seeks damages for personal injuries sustained as a result of the defendants' violation of her rights as secured by 42 U.S.C. §§1983, 1985 and 1986, and by the Fourth Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and for rights secured under the laws and Constitution of the State of New York.  Plaintiff also sues in traditional tort pursuant to New York State claims.  Plaintiff was deprived of her constitutional and common law rights when the individual defendants unlawfully entered her home, removed items and confined the person of plaintiff.  Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, and award of costs and attorney's fees and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiff' constitutional and civil

rights. The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.

3. Any claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a) and arises under the doctrine of pendent jurisdiction.

5. The Plaintiff respectfully demands a trial by jury on each and every one of the claims as pleaded herein.

**VENUE**

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a), (b) and (c) and §1402 (b) because the claims arose in this district.

**PARTIES**

7. Upon information and belief, at all times hereinafter mentioned, plaintiff, ELGIN ELIAS (hereinafter referred to as "ELIAS") is a United States citizen and resident of Kings County, New York.

8. At all times hereinafter mentioned, Defendant, THE CITY OF NEW YORK, ("CITY"), was and is a municipal corporation duly organized and existing under the laws of the State of New York.

9. At all times hereinafter mentioned the, OFFICE OF MENTAL HEALTH[1], ("OMH"), was and is a corporation duly organized and existing under the laws of the State of New York

10. At all times hereinafter mentioned, Defendant CITY is a municipal entity authorized under the laws of the State of New York to operate and maintain the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), inter alia, which acts as its agents in the area of law enforcement, custodial care and management of criminal offenders, and for whose actions, and the actions of individual police officers employed thereby, defendant CITY was and is ultimately responsible.

11. At all times hereinafter mentioned, Defendant CITY operated, maintained and controlled the NYPD, including all police officers therein and assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the consumers of the services provided be the NYPD.

12. Upon information and belief, at all times hereinafter mentioned, Defendant P.O. FADOUL[2], badge number 27686 (hereinafter "FADOUL"), was employed as a Police Officer by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed and preserve the constitutional rights of plaintiff ELIAS.  Defendant FADOUL is sued both in his individual and official capacity.  At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

---

[1] At this time plaintiff dismisses all actions against the Office of Mental Health and Kingsboro Psychiatric Center.
[2] For the purposes of this Complaint the defendants Fadoul and Chai's names will be represented as such and Plaintiffs reserve the right to amend the caption and subsequent instances with their first name and the correct spelling of the names.

13. Upon information and belief, at all times hereinafter mentioned, Defendant P.O. CHAI, badge number 8494 (hereinafter "CHAI"), was employed as a Police Officer by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed and preserve the constitutional rights of plaintiff ELIAS.  Defendant CHAI is sued both in his individual and official capacity.  At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

14. At all times hereinafter mentioned, OMH was authorized by law to operate and maintain the KINGSBORO PSYCHIATRIC CENTER (hereinafter "KPC"), *inter alia*, which acts as its agents in the area of practical medicine, providing care to the citizens of Kings County and the City of New York with its principal place of business located at 681 Clarkson Avenue, Brooklyn, New York 11203, and for whose actions, and the actions of individual administrators, doctors, nurses and support staff employed thereby, OMH was and is ultimately responsible.

15. At all times hereinafter mentioned, OMH operated, maintained and controlled the KPC, including all administrators, doctors, nurses and support staff therein.

16. At all times hereinafter mentioned, Defendant LISA WHITNEY, FCC (hereinafter "WHITNEY") was and is employed as a Family Care Coordinator by KPC, providing services in the city and state of New York and that at the time of the alleged constitutional violation herein was an employee/agent/servant of KPC and was acting within the scope of that employee/agent/servant relationship when she failed to follow the applicable standard of care and proper internal and legal procedure in regards to plaintiff ELIAS which proximately resulted in constitutional violation and injury to the plaintiff.

17. At all times hereinafter mentioned, Defendant FLORE CADET, LPN (hereinafter "CADET") was and is employed by KPC, providing services in the city and state of New York and that at the time of the alleged constitutional violation herein was an employee/agent/servant

of KPC and was acting within the scope of that employee/agent/servant relationship when she failed to follow the applicable standard of care and proper internal and legal procedure in regards to plaintiff ELIAS which proximately resulted in constitutional violation and injury to the plaintiff,

18. At all times hereinafter mentioned, Defendant OLIVIA COBHAM (hereinafter "COBHAM") was and is employed by KPC, providing services in the city and state of New York and that at the time of the alleged constitutional violation herein was an employee/agent/servant of KPC and was acting within the scope of that employee/agent/servant relationship when she failed to follow the applicable standard of care and proper internal and legal procedure during in regards to plaintiff ELIAS which proximately resulted in constitutional violation and injury to the plaintiff.

19. At all times relevant herein, each and every individual defendant herein was acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City of New York and, where relevant, the State of New York, at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York and State of New York, and incidental to the lawful pursuit of their duties as officers, employees and agents of the City and State of New York.

## STATEMENT OF FACTS

20. Plaintiff ELIAS has been a Family Care Provider since 2004 whose home has been certified for four (4) residents.

21. During this time she has operated her home in good standing and without incident or reports of mistreatment.

22. On March 5, 2012 plaintiff ELIAS was arrested.

23. On March 6, 2012 plaintiff ELIAS was released from the Kings County Criminal Court before she was arraigned as the Kings County District Attorney's Office 'declined to prosecute' and the matter was dismissed[3].

24. On March 7, 2012 plaintiff ELIAS was informed by the KPC that they were instructed to remove the residents from her home and March 9, 2012 the residents were removed[4].

25. KPC then contacted plaintiff ELIAS through its representative defendant WHITNEY via telephone and requested the return of the residents' belongings. Plaintiff ELIAS had no objection to the return of the belonging and requested that proper procedure be followed and the request be sent in writing requesting the items with a date and time upon which to catalog and retrieve the items as she was still responsible for the custody and care of the belongings and must have documentation if there is an accounting or something goes missing[5].

26. On March 27, 2012, instead of a formal letter requesting the residents' belongings, KPC employees', defendant COBHAM and CADET, arrived at plaintiff's home unannounced with two police officers, defendants FADOUL and CHAI[6].

27. Neither the KPC employees nor the defendant police officers had a warrant to search or seize items from plaintiff's home[7].

---

[3] See, Kings County District Attorney's Office Decline to Prosecute Letter, annexed hereto as Ex. A
[4] The residents were removed pending an investigation into the matter of plaintiff's arrest. Plaintiff was informed by defendant KPC that the residents would be gone for approximately two (2) weeks and plaintiff willingly packed bags for each resident with clothes and necessities for a two week period.
[5] State of New York Office of Mental Health Family Care Official Policy Manual's section on Closing of Homes states clearly that all communications and contacts should be documented. See, Ex. B. Additionally, Title 14, §524.9(b) requires documentation of all procedures that are involved during an investigation. See, Ex. C.
[6] It was later learned at an Administrative Hearing on the issue of revocation of plaintiff's certificate that defendants COBHAM and CADET were acting on orders from defendant WHITNEY.
[7] It was later learned at certificate revocation Administrative Hearing that defendants COBHAM and CADET testified under oath that they did not have a warrant and they did not make any attempts to acquire a warrant or order from the court before they entered plaintiff's home.

28. When plaintiff asked to see a warrant the defendant police officers stated that they did not need a warrant and blocked plaintiff in a corner of her vestibule and prevented her from moving.

29. Defendants COBHAM and CADET entered plaintiff's home and without permission took all of the belongings of the residents and carried them out of the home.

30. Plaintiff was forcefully pinned in the corner by the defendant officers and prevented from stopping the unlawful intrusion or taking of the residents' belongings.

31. As defendants COBHAM and CADET were exiting the home plaintiff requested an inventory of the belongings and was berated defendant COBHAM who waived her badge in plaintiff's face and swore that plaintiff would never get another resident in her home.  Defendant COBHAM then began to inform the defendant FADOUL that plaintiff was arrested despite knowing that those records had been sealed[8].

32. Defendant COBHAM was determined to make sure that plaintiff's Operating Certificate would be revoked.  To further her cause, on the afternoon of March 27th COBHAM contacted a colleague Blaise Sackett and initiated an Email chain by stating, "*Hi Blaise and Katrina, in an attempt to firm up my argument as to why Ms. Elias cannot be the provider for the residents who are also clients of the Clubhouse.  Can you state what your experiences with Ms. Elias over the years has been?*"  Defendant COBHAM neither sought their 'professional opinion' nor 'impressions' of plaintiff, only what she could use to "firm up" her arguments against plaintiff[9].

---

[8] In accordance with Title 14 §524.9(c)(3)(ii) "No party in the line of supervision of staff who were directly involved in a Reportable Incident may conduct the investigation." Defendant Cobham conducted monthly visits to the home and her observations, notes and statements were necessary to the investigation.  As such, in accordance with the procedure she was not permitted to be part of the investigation. Ex. C
[9] See, COBHAM E-mail chain annexed hereto.  Ex. D

THE RAMBADADT LAW OFFICE

33. On May 3, 2012, plaintiff received a Notice of Intent to Revoke her Operating Certificate from KPC.

34. Plaintiff challenged the action and on July 13, 2012 a hearing was held before Administrative Hearing Officer ("AHO") Nancy Leederman.

35. On September 21, 2012, Ms. Leederman rendered her report and recommendation that Ms. Elias's Operating Certificate not be revoked.

36. On October 29, 2012, OMH Commissioner Michael F. Hogan, Ph.D signed and served a Final Determination adopting AHO Leederman's report and stated clearly the expectation that plaintiff would be receiving new residents in her home[10].

37. Despite the Commissioner's adoption of the AHO's report and approval for plaintiff to receive new residents in her home, to date plaintiff has not received any residents in her home.

38. KPC is the branch of OMH that assigns residents in jurisdiction where plaintiff's home is located. Plaintiff must report to KPC for training and re-certification. While their plaintiff learned from concerned individual in a supervisory position that defendant COBHAM sits on the committee that makes recommendations and assignments of residents; and defendant COBHAM has been extremely vocal in her insistence that residents not be placed in plaintiff's home[11].

39. As a direct and proximate result of the breach of constitutional rights, state law and procedure by defendants plaintiff suffered: conscious pain and suffering; suffered mental anguish; and has sustained other damages and that all of the injuries and damages sustained by plaintiff are the direct and proximate result of the willful violations of plaintiff's constitutional

---

[10] See, Final Determination annexed hereto as, Ex. E.
[11] The name of the individual is being withheld by request of plaintiff out of fear of retaliation against him/her as she has seen what has happened to her. The name can be provided to the court upon request.

rights and state procedural laws by all of the defendants without any act or omission on the part of the plaintiffs directly thereunto contributing.

## FIRST CLAIM

40. The plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-39 above.

41. At all times relevant herein, the conduct of all defendants was subject to 42 U.S.C. §§1983, 1985, 1986, and 1988.

42. The conduct of each of the defendants CITY, FADOUL, CHAI, WHITNEY, COBHAM and CADET, on or about March 27, 2012, acting under color of state law, jointly and severally, in conspiring with each other to cause, in failing to prevent others from causing, and in unlawfully causing plaintiff's residence to be unlawfully and unreasonably trespassed upon and searched without a warrant, order or probable cause, in causing plaintiff to suffer physical and emotional distress, and in depriving her of her Fourth Amendment rights to be secure in her person, house, papers and effects, were undertaken with deliberate indifference, intentionally, maliciously and/or with reckless disregard for the natural and probable cause of their acts without lawful justification, and was designed to and did cause specific and serious physical and emotional harm, pain and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §§1983 and 1985 and the Fourth Amendment.

43. Defendants entered plaintiff's home without a warrant, order or valid consent. Their presence 'in force' on the date at issue intimidated and terrorized plaintiff causing her to feel as though she had no choice but to comply with Defendants' demands and allow them to enter the home thereby without lawful justification, and was designed to and did cause specific and serious physical and emotional harm, pain and suffering in violation of Plaintiff's Constitutional rights.

44. WHEREFORE, on this claim Plaintiff demands compensatory damages in the amount of twenty-five thousand dollars ($25,000.00), and punitive damages in the amount of twenty-five thousand dollars ($25,000.00) and for such other and further relief deemed to be just and equitable.

## SECOND CLAIM

45. The plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-44 above.

46. As a result of their concerted unlawful and malicious conspiracy of all Defendants, Plaintiff was deprived of her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §§ 1983,1985(3) and 1986.

47. That defendants FADOUL, CHAI, WHITNEY, COBHAM and CADET did knowingly agree to conspire with each other to enter plaintiff's home without cause or justification in violation of federal and state constitutional rights and in violation of due process and procedure under the laws of the state and city of New York, which resulted in injuries to plaintiff.

48. WHEREFORE, on this claim Plaintiff demands compensatory damages in the amount of twenty-five thousand dollars ($25,000.00), and punitive damages in the amount of twenty-five thousand dollars ($25,000.00) and for such other and further relief deemed to be just and equitable.

## THIRD CLAIM

49. The plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-48 above.

50. As a result of their concerted unlawful and malicious effort of Defendants COBHAM. WHITNEY and CADET, Plaintiff was deprived of her right to equal protection of

the laws, and the due course of justice was impeded, in violation of the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §§ 1983,1985(3) and 1986.

51. That defendants' COBHAM. WHITNEY and CADET did knowingly agree to conspire with each other to retaliate against and prevent any residents from being placed in her home without cause or justification in violation of federal and state constitutional rights and in violation of due process and procedure under the laws of the state and city of New York, which resulted in injuries to plaintiff.

52. Defendants did act with deliberate indifference, intentionally, maliciously and/or with reckless disregard for the natural and probable cause of their acts without lawful justification, and was designed to and did cause specific and serious physical and emotional harm, pain and suffering in violation of Plaintiff's Constitutional rights.

53. WHEREFORE, on this claim Plaintiff demands compensatory damages in the amount of twenty-five thousand dollars ($25,000.00), and punitive damages in the amount of twenty-five thousand dollars ($25,000.00) and for such other and further relief deemed to be just and equitable.

## FOURTH CLAIM

54. The plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-53 above.

55. Defendants **wrongly entered, searched and seized items from** Plaintiff's home: Defendants CITY, FADOUL, CHAI, WHITNEY, COBHAM and CADET through a concerted effort actively organized and guided the decision to enter plaintiff's home without seeking or procuring a warrant issued by the courts in accordance with her constitutional rights.

56. Through a recognized and established practice of unscrupulously violating procedure and due process defendants without just cause to secure a warrant or order from the court, that is, the state of the facts in the mind of Defendants that would not lead a man of ordinary caution and

prudence to believe, or entertain an honest or strong suspicion that entering plaintiff's home would not violate her constitutional rights.

57. WHEREFORE, on this claim Plaintiff demands compensatory damages in the amount of twenty-five thousand dollars ($25,000.00), and punitive damages in the amount of twenty-five thousand dollars ($25,000.00) and for such other and further relief deemed to be just and equitable.

## FIFTH CLAIM

58. The plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-57 above.

59. On information and belief, defendant CITY failed to effectively screen, hire, train, supervise and discipline its employees, servants, agents and assigns, including the named defendants herein, for their lack of truthfulness and failure to protect citizens from unconstitutional conduct of other state actors, thereby permitting and allowing the defendants herein to be in a position to fail to protect plaintiffs and to deny their rights as such guaranteed under the Federal and State constitutions.

60. On information and belief, the Defendant CITY and OMH failed to put into place and otherwise maintain an adequate structure for management relative to NYPD officers and KPC employees and other servants, agents, officers, and employees.  The structure was deficient, inter alia, at the time of evaluation and exchange within the command structure about the performance of individual NYPD officers and KPC employees; to the training of supervisory personnel to effectively and adequately evaluate performance of the NYPD officers and KPC employees; and to otherwise put the command structure on notice that an individual or individuals were at a significant level of risk to the public at large or to specific segments thereof.  The net effect of this was to permit NYPD officers and KPC employees of the City and State of New York to function at levels of significant risk to the public.

61. On information and belief, the defendants FADOUL, CHAI, WHITNEY, COBHAM and CADET, have been the subject of prior civilian and departmental complaints of misconduct that put, or should have put, defendant CITY and OMH on notice that the said defendants were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as conduct complained of by the Plaintiffs herein

62. As a result of a conscious policy, practice, custom or usage, defendants have permitted, allowed and given tacit approval for the employment and retention of individuals whose individual behavior and circumstances place the public or certain segments thereof at substantial risk of being victims of civil rights violations and the lack of veracity demonstrated by the defendants herein

63. Such policy, practice, custom or usage was a direct and proximate cause of the conduct alleged herein and otherwise did directly and proximately cause the plaintiff to have suffered physical pain, mental anguish and emotional pain and suffering

64. WHEREFORE, on this claim Plaintiff demands compensatory damages in the amount of twenty-five thousand dollars ($25,000.00), and punitive damages in the amount of twenty-five thousand dollars ($25,000.00) and for such other and further relief deemed to be just and equitable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff demands the following relief jointly and severally against all of the Defendants:

a.   Compensatory damages in the amount of $250,000.00.

b.   Punitive damages in the amount of $250,000.00.

c.   A court order, pursuant to 42 U.S.C. §1988, stating that the Plaintiff is entitled to the costs involved in maintaining this action, including attorney's fees.

THE RAMBADADT LAW OFFICE

    d.    For such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

*[signature]*

Robert Rambadadt, Esq.
**THE RAMBADADT LAW OFFICE**
Attorneys for Plaintiff
20 W. 20th Street—2nd Floor
New York, New York 10011
(646) 450-8049

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK)ss.:

    I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am an associate of the law firm of THE RAMBADADT LAW OFFICE, attorneys of record for the plaintiffs in the within action;  I have read the foregoing;

### FIRST AMENDED COMPLAINT

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.  The reason this verification is made by me and not by plaintiff is that deponent maintains offices outside the County in which plaintiff resides.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  entire file maintained in your deponent's offices; investigations, etc.

    I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
        January 22, 2014

_____
    ROBERT RAMBADADT

THE RAMBADADT LAW OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
_____

ELGIN ELIAS,

           Plaintiff,

   -against-

THE CITY OF NEW YORK, P.O. FADOUL (Badge No. 27686), P.O. CHAI (Badge No. 8494), LISA WHITNEY, FCC, FLORE CADET, LPN, and OLIVIA COBHAM.

           Defendants.

_____
_____

**FIRST AMENDED COMPLAINT**

_____
_____

**THE RAMBADADT LAW OFFICE**
Attorneys for Plaintiff
20 W. 20th Street—2nd Floor
New York, New York 10011
(646) 450-8049
_____

TO:
Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: __01/22/2014__   Signature: _/s/ Robert Rambadadt_

      Print Signer's Name: __Robert Rambadadt__